UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01164-JAK (SK) | Date | June 4, 2018 |
|---|---|---|---|
| Title | Kaylin Dejuan Wilson v. Christian Pfeiffer | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: TIMELINESS AND EXHAUSTION**

Petitioner, a California state prisoner, raises five claims challenging her conviction and sentence for first degree murder. (Pet., ECF No. 1). The California Supreme Court denied review of Petitioner's direct appeal on August 13, 2014, and because Petitioner did not file a petition for certiorari to the U.S. Supreme Court, her conviction became final 90 days later, on November 11, 2014. *See* 28 U.S.C. § 2101. AEDPA imposes a one-year statute of limitations from the time a state conviction becomes final. *See* 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167, 121 (2001). Thus, the Petition is facially untimely. The limitations period can be tolled while a petitioner seeks state habeas review, but it is the petitioner's burden to establish that such tolling should apply. *See* 28 U.S.C. § 2244(d); *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). Nothing on the face of the Petition meets that burden, and all judicially-noticeable evidence indicates that the Petition is time-barred.[1]

Additionally, the Petition may not be fully exhausted. Federal courts may not grant habeas relief to a petitioner held in state custody unless the petitioner has exhausted available state court remedies as to each claim presented in the federal petition. *See* 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct alleged violations of the petitioner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to exhaust his federal claims in a complete round of direct appeals or state habeas proceedings up to and including the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Here, Petitioner raises four claims based on different theories of ineffective assistance of counsel and one claim for trial court error related to Petitioner's right to testify. (Pet. at 14–28). But the Petition fails to indicate which ineffective-assistance theories raised in the federal petition were presented to the California Supreme Court, nor does it indicate that Petitioner raised at all the fifth claim related to the trial court's ruling on her right to testify. (Pet. at 3–4).

---

[1] The Court takes judicial notice of the public dockets of Petitioner's prior criminal and habeas proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal court may take judicial notice of public dockets).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-01164-JAK (SK) | Date | June 4, 2018 |
|---|---|---|---|
| Title | Kaylin Dejuan Wilson v. Christian Pfeiffer | | |

If a federal petition contains both exhausted and unexhausted claims, it is deemed a mixed petition that must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, a habeas action with a mixed petition cannot proceed unless either the petition is amended to strike the unexhausted claims, *see Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014), or a stay of the action is obtained by satisfying the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005). A *Rhines* stay is "available only in limited circumstances," *id.* at 270, where the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Alternatively, if the statute of limitations under 28 U.S.C. § 2244(d) has not lapsed, a petitioner remains free to voluntarily dismiss the mixed petition without prejudice, return to state court to fully exhaust his claims, and then file a fully-exhausted petition before the expiration of the limitations period. *See Rose*, 455 U.S. at 518.

Therefore, Petitioner is ORDERED TO SHOW CAUSE **on or before July 6, 2018** why the Court should not dismiss the Petition as untimely and for failure to exhaust state court remedies as to each claim presented. To satisfy and discharge this Order to Show Cause, Petitioner must first show that her Petition is timely. If Petitioner can overcome this timeliness barrier, she may then either provide evidence that she has fully exhausted all claims or file an amended petition that deletes her unexhausted claims. An amended petition should be entitled First Amended Petition, contain only exhausted claims, and be complete in itself without reference to the original petition.

**If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.

**If Petitioner no longer wishes to pursue this action or seeks to return to state court to fully exhaust within the time allowed by the statute of limitations, she may voluntarily dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-009.